```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**CRAIG EUGENE PITTMAN,**

                            Plaintiff,

         v.                         CASE NO. 16-3226-SAC-DJW

**ANITA BLISS,**

                            Defendant.


<u>**O R D E R**</u>


This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis.

*The motion to proceed in forma pauperis*

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Here, plaintiff's average monthly deposit is $29.42, and the average balance is $7.37. The court therefore assesses an initial partial filing fee of $5.50, twenty percent of the average monthly deposit, rounded to the lower half dollar.

*Screening*

Under 28 U.S.C. § 1915A, a federal district court must conduct an initial screening of a civil action filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity. The court must dismiss the complaint, or any part of the complaint, that is legally frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary damages from a defendant who is immune from such relief. §1915A(b)(1) and (2).

"A complaint may be dismissed sua sponte under § 1915 based on an affirmative defense – such as statute of limitations – only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Starr v. Kober*, 642 Fed.Appx. 914, 918 (10th Cir. 2016)(quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)(quotation omitted).

Plaintiff sues an employee of Aramark Correctional Services, alleging that she kicked him on April 9, 2013. He alleges assault and battery and seeks damages.

The court has considered the record and has identified the following deficiencies. First, Section 1983 has no statute of limitations. Instead, the courts look to state law, and the applicable statute of limitations for an action filed under Section 1983 is the period in the personal-injury statute in the state where the federal district court sits. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th

Cir. 2008).

In Kansas, the limitation period is two years. K.S.A. 60-513(a)(4)(two-year limitation period for action alleging injury to the rights of another). The accrual date of a claim under Section 1983 is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, such a claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal citation and quotation marks omitted).

Here, plaintiff's claim accrued on the day of the injury, April 9, 2013. He reported it to prison officials immediately (Doc. #1, p. 3)(stating that officers viewed video footage of the incident on April 10, 2013). While plaintiff pursued relief in a state court action, he did not commence the present action until November 9, 2016, over three years later. Therefore, this matter is time-barred.

Finally, even if timely, plaintiff's claims are barred by the doctrine of res judicata due to his presentation of the same claims in an earlier, and unsuccessful, state court action. Res judicata applies when four elements are met: (1) there was a judgment on the merits in the earlier action; (2) there was an identity of the parties or privies in the two actions; (3) identity of the cause of action in both suits, and (4) the plaintiff had a full and fair opportunity to litigate the claim in the first action. *Umholtz v. Kan. Dept. of Soc. & Rehab. Servs.*, 926 F.Supp.2d 1222, 1232 (D.Kan. 2013). Here, the Kansas courts decided the action, the parties were identical, the claim for relief was essentially the same, and the plaintiff had the opportunity to litigate his claim in the state courts. The Kansas courts rejected the claim due to plaintiff's failure to exhaust administrative remedies. *Pittman v. Bliss*, 362 P.3d 1125 (Kan. App.

2015)(affirming denial of relief)[1].

For the reasons set forth, the court will direct plaintiff to show cause why this matter should not be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including December 30, 2016, to submit the initial partial filing fee of $5.50.

IT IS FURTHER ORDERED plaintiff is granted to and including December 30, 2016, to show cause why this matter should not be dismissed for the reasons stated in this order. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 20th day of December, 2016, at Kansas City, Kansas.


s/ David J. Waxse
DAVID J. WAXSE
U.S. Magistrate Judge

---

[1] In any event, the plaintiff's failure to exhaust administrative remedies would have doomed plaintiff's claim in the present action. The Prison Litigation Reform Act requires a prisoner to properly exhaust all available remedies before commencing an action challenging prison conditions. 42 U.S.C. § 1997e(a).